**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Boyd, | No. CV-20-08340-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff challenges the denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff filed a complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 25, Pl. Br.), Defendant's Answering Brief (Doc. 29, Def. Br.), and Plaintiff's Reply (Doc. 32, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 22, AR) and now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

**I.  PROCEDURAL HISTORY**

In March 2019, Plaintiff filed an application for disability insurance benefits, alleging disability beginning March 1, 2017. (AR at 14.) The Social Security Administration ("SSA") denied Plaintiff's application at the initial and reconsideration levels of administrative review and Plaintiff timely requested a hearing before an ALJ. (*Id.*) The ALJ conducted a hearing on June 2, 2020. (*Id.*) On June 23, 2020, the ALJ

issued an unfavorable decision. (*Id*. at 14-26.) On October 19, 2020, the Appeals Council denied review. (*Id*. at 2-4.)

## II. THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's

decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

### III. THE ALJ'S DECISION

The ALJ found that Plaintiff had not engaged in substantial, gainful work activity and that Plaintiff had the following severe impairments: cluster headaches, history of traumatic brain injury, loss of vision in the left eye, and PTSD. (AR at 16-17.) Next, the ALJ concluded Plaintiff's severe impairments did not meet or medically equal a listing. (*Id.* at 17-18.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He can occasionally climb ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs. He can never balance. He can occasionally stoop, crouch, kneel, and crawl. He can occasionally reach overhead with the left upper extremity. He must avoid all exposure to unprotected heights. He is limited to simple and routine tasks. He can work in a low stress job, defined as one having only occasional decision making required and only occasional changes in the work setting. He is limited to occupations requiring only occasional depth perception. His left field of vision would be limited such that he would not be able to see objects rapidly approaching from the left, such as assembly line work. He can occasionally interact with the public. He can occasionally interact with coworkers.

(*Id.* at 18-19.)

In reaching these conclusions, the ALJ deemed the opinions of a neurological consultative examiner (Juliane Tran, M.D.) and Plaintiff's treating psychologist (Dr. Milo Durst) to be unpersuasive. (*Id.* at 22-23.) In contrast, the ALJ deemed the opinion of a psychological consultative examiner (Jennifer Manavi, Psy.D.) and the prior administrative medical findings to be persuasive. (*Id.* at 23-24.) Regarding Plaintiff's symptom testimony, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are inconsistent with the objective medical evidence and, ultimately, with the above [RFC] assessment that [was] developed based on that evidence." (*Id.* at 20.)

Based on the testimony of a vocational expert, the ALJ concluded that various "jobs

exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," including general office helper, sorter, and laundry folder. (*Id.* at 25.) Thus, the ALJ concluded that Plaintiff is not disabled. (*Id.* at 25-26.)

**IV.    DISCUSSION**

Plaintiff presents two issues on appeal: (1) whether the ALJ erred when discrediting the opinions of Dr. Tran related to his physical limitations[1]; and (2) whether the Act's unconstitutional removal clause warrants reversal and a remand for a new hearing before a different ALJ. As explained below, the Court concludes that Plaintiff has demonstrated the existence of harmful, reversible error with respect to the first issue and thus does not reach the second.

A.    New Regulations

In January 2017, the SSA amended the regulations concerning the evaluation of medical opinion evidence. *See Revisions to Rules Regarding Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because the new regulations apply to applications filed on or after March 27, 2017, they are applicable here.

The new regulations, which eliminate the previous hierarchy of medical opinions, provide in relevant part as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency . . . .

20 C.F.R. § 416.920c(a).[2] Regarding the "supportability" factor, the new regulations

---

[1] The ALJ also declined to adopt Dr. Tran's opinions regarding limitations arising from Plaintiff's cognitive difficulties (AR at 23), but Plaintiff only challenges the ALJ's reasoning with respect to the rejection of Dr. Tran's opinions related to physical limitations. (Pl. Br. at 8 ["The question here is why the ALJ rejected [Dr. Tran's] limitation to standing/walking four to six hours and it further limitation [*sic*] to occasional fingering."].)

[2] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, the frequency of examinations, the purpose and extent of the treatment relationship, and the specialization of the provider. 20 C.F.R. § 416.920c(c).

explain that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), . . . the more persuasive the medical opinions . . . will be." *Id.* § 404.1520c(c)(1). Regarding the "consistency" factor, the "more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2)

Recently, the Ninth Circuit confirmed that the "recent changes to the Social Security Administration's regulations displace our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting an examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Thus, "the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* With that said, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id.* at 792 (cleaned up).

B.     The ALJ's Evaluation Of Dr. Tran's Opinion

In May 2019, Dr. Tran interviewed and examined Plaintiff. (AR at 800-05.) Dr. Tran opined that Plaintiff is limited to lifting and carrying weights of up to 20 pounds occasionally and 10 pounds frequently; standing and walking "about 4-6 hours per day"; frequently using stairs or ambulating on uneven terrain; never climbing scaffolding; and occasional fingering with the left upper extremity. (*Id.* at 803.) Dr. Tran concluded Plaintiff had no sitting, postural, or environmental limitations. (*Id.*) Dr. Tran also documented "significant cognitive deficits" necessitating a restriction to no driving, "reminders for multi-tasks/activities," no decisions regarding public safety, and no

workplace environment requiring those decisions. (*Id*. at 803-04.)

The ALJ deemed Dr. Tran's opinion "unpersuasive." (*Id*. at 23.) With respect to the opinions related to Plaintiff's physical limitations, the ALJ's rationale was as follows:

> As for the physical limitations given, I do not find any basis for less than light limitations based on the claimant's records. There are some limitations that may be related to chronic hip and back pain and ongoing cluster headaches, but nothing in the record to limit the claimant to a sedentary degree of standing and walking. Overall, I find that this opinion overstates many of the claimant's limitations and does not consider the claimant's complete file and functional abilities. As such, I find this opinion to be unpersuasive.

(*Id.*)

### C.     The Parties' Arguments

Plaintiff's essential argument is that the ALJ committed reversible error when rejecting Dr. Tran's opinions related to his physical limitations because the ALJ did not provide a reasoned explanation for rejecting those opinions: "The question here is why the ALJ rejected the limitation to standing/walking four to six hours and it further limitation to occasional fingering. The ALJ did not give a logical or rational reason for rejecting the erosion to the ability to perform light work. The ALJ's statements explaining the decision must rest on a logical foundation and be rational. . . . What the record does not disclose is why the ALJ rejected the probative evidence provided by Dr. Tran. The ALJ did not provide a decision that permits meaningful review of the reasons for rejecting that opinion evidence . . . . The ALJ considered the evidence and decided. But that is not enough." (Pl. Br. at 8-9.)

The Commissioner disagrees, arguing that the ALJ's reasoning was legally sufficient. (Def. Br. at 9-14.) The Commissioner begins by noting that, under the new regulations, the two most important considerations when evaluating medical opinion evidence are supportability and consistency. (*Id.* at 9-11.) As for the supportability factor, the Commissioner argues the ALJ properly addressed it via the statement that Dr. Tran's opinion "overstates many of the claimant's physical limitations." (*Id.* at 11-12.) The

Commissioner then identifies various observations within Dr. Tran's examination report that "do not provide support for her conclusion that Plaintiff had limitations in standing and walking beyond the six hours required for light work" and/or "show no symptoms concerning Plaintiff's left hand that would support the limitation to occasional fingering." (*Id.*) Finally, as for the consistency factor, the Commissioner argues the ALJ properly addressed it via the statement that there was "nothing in the record to limit the claimant to a sedentary degree of standing and walking." (*Id.* at 12-13.) The Commissioner then identifies various medical records spanning from March 2017 through December 2018 that are "not consistent with the standing, walking and fingering limitations in Dr. Tran's opinion." (*Id.* at 13-14.)

In reply, Plaintiff argues that "[t]he ALJ did not state a logical and rational basis for rejecting the opinions of Dr. Tran" and that "[w]here the medical source describes limitations and bases those limitations on specific subtle—not gross—findings, the ALJ must articulate a basis for rejecting that opinion and its stated foundation." (Reply at 3-4.)

D. <u>Analysis</u>

The Court agrees with Plaintiff that the ALJ failed to provide legally sufficient reasoning for discrediting Dr. Tran's opinions related to Plaintiff's physical limitations. The problem is that the ALJ's analysis was conclusory, wholly lacking in specifics, and not supported by substantial evidence.

Take, for example, the ALJ's assertion that Dr. Tran's opinion "overstates many of the claimant's limitations and does not consider the claimant's complete file and functional abilities." If the ALJ had gone further and identified specific observations made by Dr. Tran during the course of the examination that were inconsistent with Dr. Tran's opined-to limitations, or specific medical records within Plaintiff's "complete file" that were inconsistent with those limitations, this likely would have qualified as a permissible explanation for why Dr. Tran's opinion was being discounted under the "supportability" factor. But the ALJ did not do so. The relevant portion of the ALJ's opinion fails to identify any particular observation during Dr. Tran's examination (or any other medical

record) suggesting that Dr. Tran's opinions related to Plaintiff's physical limitations were overstated. *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

The Commissioner attempts to fill this void by providing a detailed discussion of Dr. Tran's examination report and identifying various observations in the report that *could* be viewed as inconsistent with Dr. Tran's opined-to limitations. (Ans. Br. at 11-12.) This is impermissible. As the Ninth Circuit has emphasized, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Similarly, with respect to the ALJ's assertion that "[t]here are some limitations that may be related to chronic hip and back pain and ongoing cluster headaches, but nothing in the record to limit the claimant to a sedentary degree of standing and walking," this could have been a permissible explanation for why Dr. Tran's opinion was being discounted under the "consistency" factor if the ALJ had gone further and identified specific portions of "the record" that demonstrated a lack of consistency. But the ALJ again did not do so. Thus, the reader is left to guess where in "the record"—which spans over 1,100 pages—the evidence of the inconsistency might be found. Although the Commissioner again attempts to fill this void in the answering brief, by identifying various medical records that *could* be viewed as establishing inconsistency (Ans. Br. at 12-13), it was the ALJ's responsibility to identify such records in the first instance. *Bray*, 554 F.3d at 1225. On remand, an ALJ may very well agree with the Commissioner that the cited records establish a lack of supportability and consistency, but this possibility does not undermine the conclusion that reversal is required.

Given this determination, it is unnecessary to resolve Plaintiff's alternative request for a remand based on his constitutional challenge to the Act's removal clause.

**IT IS THEREFORE ORDERED** reversing the June 23, 2020 decision of the Commissioner of Social Security (AR at 14-30) and remanding for additional proceedings.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 5th day of August, 2022.

Dominic W. Lanza
United States District Judge